On Application for Rehearing
En Banc.
PER CURIAM.
In an application for rehearing the defendant contends our decision is vague in certain respects. Although we think our said decision is clear, and do not intend hereby to change it in any way, we are, nevertheless, in the interest of certainty, glad to answer categorically the following questions raised by defendant:
The first question is whether or not “The offsprings which the court refers to are the offsprings of all of the cows owned in indi-visión as of October 30, 1958, or whether they are one-half of the offsprings from the 40 head mentioned in paragraph 5 of the decree only.” The answer to this question is that the offsprings referred to are the offsprings of all of the cows owned in in-división as of October 30, 1958, and not simply one-half of the offsprings from the 40 head to be chosen by defendant. Our decision states that inasmuch as the cattle have never been divided they are all still owned in indivisión. Consequently all off-springs which have been born of all cattle since the date of dissolution of the community are likewise owned in indivisión because LSA-Civil Code Article 500 states “The young of animals belong to the owner of the mother of them by right of accession.” Since each mother cow is still owned in indivisión, the offsprings from each and every cow are likewise owned in indivisión. These offsprings are not covered by the community settlement. We concluded in our decision “they (plaintiff and defendant) own these offsprings in indivisión and of course can divide them by voluntary or judicial partition or otherwise.”
Defendant’s next question is whether or not “The court arrived at the same reproduction figure as did the trial court, that is, 80% (the number of offsprings will be practically impossible to prove without another lawsuit which would probably result in obtaining the same reproduction figures as are present in the record).” The answer to this question is that we did not arrive at any reproduction figure. As stated above, we concluded that all offsprings from all cows are owned in indivisión and consequently it was unnecessary for us to use any reproduction figure.
*728 Defendant next asks whether or not “The court places the same value as did the trial court on all of the offsprings, that is, $300 per head.” The answer to this question is that we did not place any value on the off-springs. As stated above, we concluded that all offsprings from all cows are owned in indivisión. These offsprings are not covered by the community settlement agreement. Plaintiff and defendant, like any other owners in indivisión, may continue to own the calves in indivisión or, of course, they can partition them or dispose of them in any manner they see fit under the laws relating to ownership in indivisión. Having reached this conclusion it was unnecessary for us to place any value per head on said offsprings.
Defendant’s next question is whether or not our decision “Meant to provide for legal interest from due date on moneyed portions of said judgment.” The answer to this question, as to each item for which a money judgment was granted, is found in the respective paragraphs of our original decree. We see no need to repeat the interest provisions.
We find no merit in any of the grounds urged by defendant in her application for rehearing and therefore it is denied.
Application for rehearing denied.